

ORDERED in the Southern District of Florida on November 15, 2011.

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                Case No: 11-32362-AJC

C&C Development Group, LLC,                          Chapter 7

    Debtor.
_____/

### ORDER DENYING MOTION FOR APPOINTMENT OF AN INTERIM TRUSTEE

**THIS CAUSE** came before the Court for hearing on October 5, 2011 upon the petitioning creditor BB&T's motion to appoint an interim trustee or to enjoin the Alleged Debtor C&C Development Group from disposing or encumbering estate property (DE 10). The Court having considered the proffers and representations of the parties, denies the motion.

**I.  LAW GOVERNING THE APPOINTMENT OF AN INTERIM TRUSTEE**

An alleged debtor in an involuntary proceeding may continue to acquire or dispose of property until the court enters the order for relief. 11 U.S.C. §303(f); *see In re DiLorenzo*, 161 B.R. 752, 754 (Bankr. S.D.N.Y. 1993). A creditor may, during this "gap period," seek the

{M0291625.1}

appointment of an interim trustee to prevent the alleged debtor from dissipating, concealing, or converting its assets. *11 U.S.C. § 303(g); see In re Levin*, 2011 WL 1469004 (Bankr. S.D. Fla. 2011); *In re Alpine Lumber & Nursery*, 13 B.R. 977, 979 (Bankr. S.D. Cal. 1981).

## II.  AN INTERIM TRUSTEE IS NOT JUSITIFED IN THIS CASE

C&C owns a shopping center and retail and office space named Lakes on the Green in unincorporated Miami-Dade County. Lakes on the Green generates rental income in which BB&T has a perfected security interest. *Motion* Exhibit A (DE 10) (state court order enforcing assignment of rents).

BBT asserts the appointment of an interim trustee is necessary in this case because C&C has used the rental income to pay affiliated companies while it is in default on and is not paying BB&T's secured claim. *Id.* Exhibits B, C, and E. To support its position, BBT cites to certain transactions of the Alleged Debtor. Particularly, on November 17, 2009, two days before BB&T's hearing in state circuit court, in *BB&T v. Power One Group, LLC, C&C Development Group, LLC, et al.*, Case No. 09-71767-CA-08 (the "State Court Action") on its motion to enforce its assignment of rents, C&C transferred $70,000.00 to its affiliate Power One Real Estate Investments, LLC. Even after BBT obtained an order enforcing the assignment of rents on November 19, 2009, C&C transferred another $70,000.00 (on January 28, 2010) and $150,000.00 (on February 9, 2010) to Power One Real Estate Investments. *Id.* (DE 10).

Further, BB&T argues that an interim trustee is justified because the state of Florida has charged two officers of C&C, Luis Espinosa and Rene Cambert, with crimes involving misrepresentations to the Florida Department of Insurance about the finances of two insurance companies that now are in receivership, and because Espinosa invoked his Fifth Amendment

{M0291625.1}                                                2

privilege against self-incrimination when asked about C&C's rental income in a deposition in the receivership case. *Motion* Exhibit D at 21 (DE 10).

C&C on the other hand, argues an interim trustee is not necessary or justified. C&C states that in the State Court Action, BB&T filed and argued several motions seeking the appointment of a receiver, which were denied by the Honorable Judge Cardonne-Ely. Instead, Judge Cardonne-Ely appointed a monitor (chosen by BB&T) to review the Alleged Debtor's operations, and urged BB&T to proceed to trial. Judge Cardonne-Ely apparently determined that BB&T's own selected "monitor" issued a report stating there was no waste and the property was found to be in good condition. *See* Alleged Debtor's Exhibit "C" (DE 1604) at p. 18.

BB&T appears to be seeking the same or similar relief in this proceeding as it sought in the State Court Action, which was already denied on the same facts which have been presented to this Court. Moreover, the failure to show waste is not only a basis to deny the appointment of a receiver in the State Court Action but also the appointment of an interim trustee in an involuntary bankruptcy case. BB&T admitted at the hearing that the property is not subject of waste. To appoint a trustee during an involuntary bankruptcy proceeding, where no order for relief has yet been entered, the Court must find that the appointment of a trustee is necessary to preserve the property of the estate or to prevent loss to the estate. BB&T's Motion and its argument at the October 5, 2011 hearing fail to meet this standard.

Additionally, the assignment of rents is governed by Florida law, as set forth in section 697.07, Florida Statutes. Under Florida law, mortgagors may, even after default, collect the rents, and use them, and the mortgagees are powerless to prevent it, even if the mortgage expressly pledges the rents as part of the security, unless a receiver is appointed to impound the rents pending the foreclosure proceedings and hold them subject to the orders of the court. *See*,

*Carolina Portland Cement Co. v. Baumgartner*, 99 Fla. 987, 994, 128 So. 241, 244 (Fla. 1930). BB&T was unable to meet its burden of proof to establish a receiver was warranted in the State Court Action; it may not obtain the same relief in the bankruptcy court based upon the same facts.  BB&T has rights that it may seek to enforce, but BB&T's claims are subject to the defenses of C&C and the other defendants.  Thus, BB&T's entitlement to the rents is uncertain. *See*, *In re Villamont-Oxford Associates Ltd. Partnership*, 230 B.R. 445, 452 (Bankr. M.D.Fla. 1998) (mortgage lender does not have ownership of and title to the rents).  BB&T does not have an absolute entitlement to or ownership in the rents, but rather, any entitlement to the property or the proceeds from the property will arise upon final adjudication of the state law property claims. Accordingly, it is

**ORDERED AND ADJUDGED** that the petitioning creditor Branch Banking and Trust Company's motion for the appointment of an interim trustee is DENIED.

###

Copies furnished to:

Stephanie Reed Traband, Esq.
201 South Biscayne Blvd., Suite 2600
Miami, Florida 33131
Telephone:  (305) 679-5700
straband@joneswalker.com

Stephanie Reed Traband is directed to serve a copy of this Order on all parties entitled to service and to file with the court a certificate of service conforming to Local Rule 2002-1(F).

{M0291625.1}                                      4