

## ORDERED in the Southern District of Florida on January 19, 2012.

A. Jay Cristol, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                               Case No: 11-32362-BKC-AJC

C&C Development Group, LLC,                          Chapter 7

    Alleged Debtor.
_____/

### ORDER DENYING PETITIONING CREDITOR'S MOTION FOR REHEARING

THIS MATTER came before the Court for hearing on January 3, 2012, upon the Petitioning Creditor, Branch Banking and Trust Company's ("BB&T") Motion for Rehearing or, Alternatively, Motion for Reconsideration dated November 29, 2011 ("Motion") [D.E. 29]. The Court having reviewed the Motion, the Alleged Debtor's Response in Opposition to Petitioning Creditor's Motion for Rehearing or, Alternatively, for Reconsideration ("Response") [D.E. 33], having heard argument of counsel, and being otherwise fully advised in the premises, denies the Motion.

1

The basis of BB&T's Motion is the Court's citation to *Carolina Portland Cement Co. v. Baumgartner*, 99 Fla. 987, 128 So. 241 (Fla. 1930). BB&T asserts the Court's reliance on *Carolina Portland* is misplaced because the case has been superseded by the enactment of §697.07, Florida Statutes. While *Carolina Portland* has been superseded in certain respects by the comprehensive statutory framework of Fla. Stat. §697.07, this Court's Order denying the appointment of an interim trustee was not entered in error. Although the appointment of a receiver is not a prerequisite for the mortgagee to impound and hold the rents, BB&T has not persuaded the Court that an interim trustee is warranted.

This Court cited *Carolina Portland* for the proposition that BB&T does not have an absolute entitlement to or ownership of the rents. *Carolina Portland* continues to be cited and relied upon by Florida courts, even after the enactment and amendment(s) to Fla. Stat. §697.07, when determining whether to appoint a receiver and whether a mortgagee is entitled to rents in a mortgage foreclosure case. *See, e.g.*, *MB Plaza, LLC v. Wells Fargo Bank, Nat. Ass'n*, 72 So.3d 205, 207 (Fla. 2d DCA 2011) ("Under the guidelines announced in *Carolina Portland Cement*, the appointment of a receiver is not a matter of right even if the mortgage so provides and contains an assignment of rents clause."); *DaSilva v. First Community Bank of America*, 42 So.3d 285, 288 (Fla. 2d DCA 2010) (citing *Carolina Portland*, the court stated "While mortgage agreements often contain provisions whereby the borrower in a mortgage contract consents to the appointment of a receiver in the event of default, the appointment of a receiver is still, by case law, not a matter of right even when the mortgage documents provide for such appointment."); *Alfaya Square Ass'n, Ltd. v. Great Western Bank*, 700 So.2d 38, 41 n.2

2

(Fla. 5th DCA 1997) (parties agree that *Carolina Portland* is the leading case regarding the appointment of receivers in mortgage foreclosure actions); *Barnett Bank of Alachua County, N.A. v. Steinberg*, 632 So.2d 233, 234 (Fla. 1st DCA 1994) (referring to *Carolina* as "the seminal case on appointment of receivers"). *See also*, Fla.Jur.2d Mortgages §106 *Rents and Profits* (2011) (citations omitted) (emphasis added) ("mortgagee is not entitled to the rents and profits as a legal incident to, or as a legal right growing out of, his or her mortgage. A mortgagee, however, may become entitled to rents and profits by reducing them to possession through legal process [citing *Carolina Portland*] or by consent of the mortgagor."); Fla.Jur.2d Mortgages §5-4 *Rents and Profits* (2011-2012) (citations omitted) ("[b]ecause the Lien Theory provides that title and possession is in the mortgagor, the mortgagee has only a lien on the rents or profits from the mortgaged property", citing *Carolina Portland*).

In *In re Ormond Beach Associates Ltd. Partnership*, 184 F.3d 143, 153 (2d Cir. 1999), the Second Circuit, citing *Carolina Portland*, found that "[a]t Florida common law, which follows the lien-theory of mortgage obligations, the general rule has been that title does not pass from mortgagor to mortgagee absent judicial action. The mortgagor in the meantime remains at liberty to dispose of the encumbered property as it sees fit despite the occurrence of a default." The Second Circuit further held that, "[t]he weight of Florida authority takes the view that § 697.07 was not intended to alter the common law approach or otherwise modify any substantive rights but, instead, merely provides a specific procedural mechanism for the enforcement of collateral assignments of rent." *Id.*

Section 697.07, Fla. Stat., provides a statutory framework under which a mortgagee in a foreclosure action can seek interim relief, and the court may require the mortgagor to deposit the collected rents into the registry of the court. *See*, §697.07(4), Florida Statutes. The state court has discretion concerning the rents under Fla. Stat. §697.07. *See, In re Villamont-Oxford Associates Ltd. Partnership*, 230 B.R. 445, 452 (Bankr. M.D.Fla. 1998). BB&T invoked the jurisdiction of the state circuit court in a foreclosure action and requested the court to exercise its discretion under the foregoing statutory section to require the mortgagor to turn over the rents. On November 19, 2009, the state court granted BB&T's request for assignment of rents, but thereafter, stayed said order. *See*, Exhibit "B" (2/17/2010 Hearing Transcript, 32:19-20) to the Response.

Finally, BB&T asserts an interim trustee is warranted because the Debtor is not paying its taxes on its real property. While the Court may find that argument compelling if the Debtor had no equity in the subject property, the record is unclear. If the Debtor does indeed have equity in the real property, then the Court finds the non-payment of taxes to be unpersuasive in the decision to appoint an interim trustee. In this instance, BB&T has failed to meet its burden to prove the necessary waste which is required to warrant appointment of an interim trustee.

BB&T's having failed to satisfy its burden of proving the appointment of an interim trustee is necessary in this case at this time, it is

ORDERED AND ADJUDGED that the Motion is DENIED.

###

Submitted by:
JAMES B. MILLER, ESQ
*Co-counsel for Alleged Debtor, C&C Development Group, LLC*
Fla. Bar No. 0009164
19 West Flagler Street, #416
Miami, Florida 33130
Telephone No. (305) 374-0250
Email: bkcmiami@gmail.com

The party submitting this order shall serve a copy of the signed order on all parties listed and file a certificate of service in conformance with Local Rule 2002-1(F).

**ELECTRONIC MAIL NOTICE**

**Debtor's Counsel**
Richard L. Allen
rallen@salawmiami.com

**Debtor's Counsel**
James B. Miller
bkcmiami@gmail.com

**Creditor**
Branch Banking & Trust Company

**Creditor's Counsel**
Benjamin Harris
bharris@joneswalker.com

Stephanie Traband
straband@joneswalker.com

**MANUAL MAIL NOTICE**

**Debtor**
C&C Development Group, LLC
15476 N.W. 77 Court
#408
Miami Lakes, FL 33016