

**ORDERED in the Southern District of Florida on May 21, 2012.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**

IN RE:

C&C DEVELOPMENT GROUP, LLC,

        Debtor/Defendant.

CASE NO. 11-32362-BKC-AJC

_____/

**ORDER GRANTING ALLEGED DEBTOR'S
MOTION TO DISMISS INVOLUNTARY PETITION AND MOTION FOR
ABSTENTION**

THIS MATTER came before the Court upon Alleged Debtor, C&C DEVELOPMENT GROUP, LLC's ("C&C") Motion to Dismiss Involuntary Petition and Motion for Abstention (D.E. 53), Petitioning Creditor, BB&T's Supplemental Response (D.E. 74), C&C's Reply (D.E. 77), and the parties' other filings herein. The Court having reviewed the parties' filings, and being otherwise duly advised in the premises, grants the motions for abstention and dismissal.

## BACKGROUND

This case is a two-party dispute brought by BB&T against C&C. "Generally, a court should not take jurisdiction over a two-party dispute, unless special circumstances exist." *In re AXL Industries, Inc.*, 127 B.R. 482, 484 (S.D.Fla. 1991), *aff'd*, 977 F.2d 598 (11th Cir. 1992). BB&T has not shown that any such special circumstances exist in this case.

BB&T is seeking the same or similar relief in this Involuntary Bankruptcy as it is seeking in a pending state court foreclosure case which BB&T brought against C&C and others in September 2009 in the Miami-Dade County Circuit Court, styled *BB&T v. Power One Group, LLC, C&C Development Group, LLC, et al.*, Miami-Dade County Circuit Court Case No. 09-71767-CA-08 (the "State Court Action"). BB&T invoked the jurisdiction of the state circuit court in a foreclosure action and the State Court Action has been actively litigated for over two years. (State Court Docket [D.E. 16-2]).

C&C's sole asset is the real property which is the subject of the State Court foreclosure Action, a shopping center and retail and office space named Lakes on the Green located in unincorporated Miami-Dade County. As stated in BB&T's Petition, the nature of C&C's business is "Single Asset Real Estate" (D.E. 1). The shopping center generates rental income in which BB&T has a perfected security interest. However, both the State Court and this Court determined that BB&T does not have an absolute entitlement to the rents. "BB&T does not have an absolute entitlement to or ownership of the rents, but rather, any entitlement

to the property or the proceeds from the property will arise upon final adjudication of the state law property claims." (D.E. 27 at 4).

BB&T sought the appointment of an Interim Trustee in this Court, after having sought the appointment of a receiver in the State Court Action. The state court judge appointed the person selected by BB&T to be a "monitor" rather than a receiver. The monitor in her report in the State Court Action concluded that the real property at issue was being "well maintained" in "good condition". (Monitor's Report dated May 27, 2010, D.E. 23-4). This Court denied BB&T's motion for appointment of a trustee and BB&T's motion for rehearing, concluding that BB&T had not met its burden of proving the necessary waste, and BB&T had not established that appointment of a trustee was necessary to preserve the property of the estate or to prevent loss to the estate (D.E. 27 at 3 and 47 at 4).

The primary argument in BB&T's Response is that "BB&T filed this involuntary petition to commence an orderly and fair distribution of [C&C]'s assets and to prevent further and remedy past dissipation of estate assets." (D.E. 74 at 10-11). The "assets" which BB&T is complaining are being "dissipated" are the rents which BB&T has been unsuccessful in attempting to obtain in the State Court Action and in this Court. BB&T contends the rent proceeds were used to make insider payments and preferential transfers. It is these actions and transactions which BB&T assert are sufficient to support the Involuntary Petition. However, BB&T did not file its Involuntary Petition to commence this case until *over a year and a half after* BB&T was aware of the alleged insider payments and preferential transfers. As early as January 6, 2010,

BB&T sought relief in the State Court Action based upon its assertions that payments were being made to alleged insiders. The monitor's report dated May 27, 2010 also concluded that "various insider payments were made without payments to taxes and the secured creditor." (Monitor's Report, D.E. 23-4). Yet BB&T did not file its Involuntary Petition in this Court until August 9, 2011.

It appears BB&T was dissatisfied with its progress in the State Court Action, prompting the belated filing of the Involuntary Petition herein. BB&T twice filed motions to transfer the case to the complex business division of the State Court; both motions were denied. Before BB&T's second motion to transfer was ruled upon in the State Court Action, BB&T filed the Involuntary Petition in this Court.[1]

## DISCUSSION

This case should be dismissed under 11 U.S.C. §303(b) because BB&T's claim asserted in the Involuntary Petition is the subject of numerous bona fide disputes as to liability and amount which are being litigated in the pending State Court Action. Dismissal is warranted under section 303(b) where the Court finds any bona fide disputes exist; this Court does not resolve the disputes. As set forth in *In re Rosenberg*, 414 B.R. 826, 845 (Bankr. S.D.Fla. 2009), "[t]he standard to be applied to determine whether a debt is the subject of a bona fide dispute is whether 'there is a genuine issue of material fact that bears upon the debtor's liability, or a meritorious contention as to the application of law to disputed facts.'" *Id.* at 845 (citations omitted).

---

[1] *See*, BB&T's Motions to Transfer dated October 13, 2009 and April 22, 2011 and the Orders denying transfer attached to C&C's Reply (D.E. 77).

BB&T's claims against C&C are subject to bona fide dispute and there are genuine issues of disputed fact. C&C has asserted affirmative defenses in this Court and in the State Court Action including BB&T's lack of standing, set-off, and unclean hands (D.E. 24 and 53). BB&T's claim is disputed as to both liability and amount on numerous grounds, factual and legal. C&C's liability to BB&T is subject to bona fide dispute because C&C has asserted that BB&T cannot establish it is the owner and holder of the promissory notes which are the basis of its claim. Under Florida law, there are disputed factual issues which call into question BB&T's entitlement to prevail. *See*, *State Street Bank and Trust Co. v. Lord*, 851 So.2d 790, 792 (Fla. 4th DCA 2003). *See also*, *Mazine v. M & I Bank*, 67 So.3d 1129, 1132 (Fla. 1st DCA 2011); *Gee v. U.S. Bank National Association*, 72 So.3d 211, 214 (Fla. 5th DCA 2011); *Servedio v. U.S. Bank National Association*, 46 So.3d 1105, 1107 (Fla. 4th DCA 2010). The amount of BB&T's claim is also subject to bona fide disputes, including, *inter alia*, C&C's defenses of unclean hands and set-off.

BB&T argues that on a motion to dismiss, all the factual allegations in the petition are taken as true, therefore Debtor's position regarding BB&T's eligibility under 11 U.S.C. §303(b) is premature and does not justify dismissal at this juncture. The Court believes it can determine eligibility of a petitioning creditor to file a petition – or ineligibility, as the case may be – at this stage in the proceedings, particularly because such determinations are necessary to reach a decision on dismissal under 11 U.S.C. §305.

Abstention and dismissal are appropriate in this case where BB&T has adequate state law remedies in the pending State Court Action. Under 11 U.S.C. §305(a)(1), the Court may dismiss a case if "the interests of creditors and the debtor would be better served by such dismissal". Under 11 U.S.C. §305, "dismissal will be granted where the petitioning creditors are attempting to use the Bankruptcy Court as an alternative to proceeding with pending State Court litigation to resolve what is essentially a two-party dispute. Dismissal should be granted where the Court finds that the petitioning creditors have adequate State law remedies." *In re Kass*, 114 B.R. 308, 309 (Bankr. S.D.Fla. 1990) (citations omitted). As in *Kass*, the petitioning creditor, BB&T is attempting to use the Bankruptcy Court as an alternative to proceeding with pending State Court litigation to resolve what is essentially a two-party dispute. *See also*, *In re Beacon Reef Ltd. Partnership*, 43 B.R. 644, 646-647 (Bankr. S.D.Fla. 1984) ("This Court also determines that abstention is appropriate as to this case pursuant to §305 for the reason that this dispute is primarily only between the two general partners remaining active in the partnership and the single investor who is the sole limited partner. There are adequate remedies at state law to raise defenses in the pending foreclosure proceedings and as between the parties to the partnership agreement. The inadequacy of state law to deal with the relationships between the parties has not been made to appear.").

BB&T claims that payments to "insiders and preferred creditors" "can *only* be avoided under the Bankruptcy Code." (D.E. 74 at 4). However, BB&T has remedies under Florida law in the State Court Action to foreclose on the real

property, to obtain deficiency judgments against C&C and others, and to commence or continue proceedings to implead third parties, if necessary. BB&T is not prejudiced by pursuing its claims in the State Court Action. BB&T is not a judgment creditor. BB&T's remedy is to take its case to trial in the State Court Action and, if it prevails, to avail itself of the remedies provided by Florida law. Under Florida law, a judgment creditor, which BB&T will be *only* if it prevails at trial in the State Court Action, has extremely broad rights under Florida's Proceedings Supplementary statute and Florida's Uniform Fraudulent Transfer Act set forth in sections 56.29 and 726.101, *et seq.*, Florida Statutes. Under Florida law, if BB&T obtains a judgment, it can commence proceedings supplementary, implead third parties, and seek "the most complete relief possible in satisfying [its] judgment." *Advertects, Inc. v. Sawyer Industries*, 84 So.2d 21, 23 (Fla. 1955). "Proceedings supplementary are equitable in nature and should be liberally construed." *Mejia v. Ruiz*, 985 So.2d 1109, 1112 (Fla. 3d DCA 2008).

There are prior adverse rulings against BB&T in the State Court Action on the same issues which BB&T has brought before this Court. This case is a two party dispute which is already being litigated in a pending state court foreclosure case. *See, e.g*, *In re Jr. Food Mart of Arkansas, Inc.*, 241 B.R. 423, 427-428 (Bankr. E.D.Ark. 1999) ("dissatisfaction with another court's rulings, or the perceived untimeliness of rulings, is not a reason to file a bankruptcy case. Indeed, such a filing may constitute an abuse of the bankruptcy process. It is not the province of the bankruptcy court to either oversee or manage a case more

properly within the purview of the state courts simply because a party to litigation is dissatisfied for procedural or other reasons.").

Cases relied upon by BB&T do not support its entitlement to proceed in this Court (D.E. 74 at 4). For instance, *In re Key Auto Liquidation Center, Inc.*, 372 B.R. 74, 76-77 (Bankr. N.D.Fla. 2007) is distinguishable because in that action, there was no other pending case, there were six petitioning creditors who were later joined by nine more creditors, the court found the claims were "not subject to bona fide dispute", and the debtor was "substantially delinquent in paying its local vendors." The court found the creditors' motivation was "to ensure they got their fair share" of the debtor's assets and the debtor's theory of the creditors' bad faith motivation was "somewhat outlandish". *Id.* at 78. Here, BB&T's motivation in filing this case to avoid the pending State Court Action is evident; BB&T has been unable to obtain pre-judgment access to the rents in the State Court Action, but the real property remains subject to BB&T's pending foreclosure case, and BB&T has adequate state law remedies. BB&T cites *Key Auto* for that court's statement that "the Petitioning Creditors had reason to believe that the Alleged Debtor was making preferential transfers, which can be avoided only under the Bankruptcy Code." *Id.* at 78. However, the "preferential transfers" complained of by BB&T in this case concern C&C's use of the rents and, as previously held, BB&T does not have absolute entitlement to the rents. Rather, BB&T's entitlement to the rents and its other claims, together with C&C's defenses, will be adjudicated at the trial of the State Court Action.

In *In re 801 S. Wells St. Ltd. P'ship*, 192 B.R. 718 (Bankr. N.D.Ill. 1996), the court granted motions to abstain and dismiss where there was a pending state court foreclosure action. The court held, "[i]n determining whether abstention under §305 is appropriate, courts must look to the facts of the individual cases." *Id.* at 723. The court found the bankruptcy was precipitated by rulings against mortgagees in the foreclosure case, and the sole property of the bankruptcy estate was the real property. *Id.* at 725. The court held none of the Bankruptcy Code's policies would be served by retaining jurisdiction. *Id.* at 726. The facts here are akin to the facts which led that bankruptcy court to abstain. Additionally, in *In re H.I.J.R. Properties Denver*, 115 B.R. 275 (D.Colo. 1990), the court found "exceptional circumstances" justifying the filing where, contrary to the facts of this case, the creditor had "exhausted his state law remedies", and the preferential transfer at issue was the sale of a condominium building, one of the debtor's "few valuable assets". Here, C&C's sole asset – the real property – is the subject of BB&T's pending foreclosure action but BB&T appears to be avoiding availing itself of its state law remedies. BB&T does not have a judgment against C&C. Rather, BB&T has claims against C&C, all of which are being litigated and can be adequately addressed and resolved in the State Court Action. Thus, based upon the foregoing, it is

ORDERED AND ADJUDGED that the Motion to Dismiss Involuntary Petition and Motion for Abstention (D.E. 53) is GRANTED and this case is dismissed.

###

CASE NO. 11-32362-AJC

Submitted by:

RICHARD L. ALLEN, ESQ
Solowsky & Allen, P.L.
*Counsel for Debtor, C&C Development Group, LLC*
Fla. Bar No. 295485
915 Miami Center
201 S. Biscayne Boulevard
Miami, Florida 33131
Telephone No. (305) 371-2223
Email: rallen@salawmiami.com

Copies furnished to:

James Miller, Esq.
Richard Allen, Esq.
Stephen Drobny, Esq.
Benjamin Harris, Esq.

James Miller Esq. shall serve a copy of the signed order on all creditors and interested parties and file a certificate of service in conformance with Local Rule 2002-1(F).