

**ORDERED in the Southern District of Florida on October 10, 2013.**

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                                           Case No. 11-32362-BKC-AJC
                                                                                 Chapter 7
C&C DEVELOPMENT GROUP, LLC,

    Alleged Debtor.
_____/

### ORDER DENYING AS MOOT MOTION FOR LIMITED PROTECTIVE ORDER AS TO THE 30(B)(6) DEPOSITION OF BB&T AND THE DEPOSITIONS OF BEN HARRIS AND STEPHANIE TRABAND

THIS MATTER came before the Court on September 4, 2013 at 11:00 a.m. for a hearing on Petitioning Creditor, Branch Banking and Trust Company's ("BB&T") *Emergency Motion for Limited Protective Order Regarding the Corporate Representative of Branch Banking and Trust Company and Production Requested from Ben Harris, Stephanie Traband and BB&T Lawyers* [ECF No. 176] (the "*Motion*").  For the reasons set forth herein, the *Motion* is denied as moot.

## BACKGOUND

BB&T was the sole Petitioning Creditor in connection with the Involuntary Petition filed in this case. The Petition was dismissed by this Court by Order dated May 22, 2012 and the dismissal was affirmed on appeal. The Alleged Debtor then filed *Alleged Debtor's Motion for Evidentiary Hearing on Attorneys' Fees, Costs, Damages and Punitive Damages* [ECF No. 94] (the "*303(i) Motion*").

This Court entered an *Omnibus Order: 1) Scheduling Evidentiary Hearing and Scheduling Deadlines Relating Thereto; and, 2) Directing Parties to Mediation* [ECF No. 141] (the "*Scheduling Order*") on or about June 20, 2013. Pursuant to the *Scheduling Order*, the parties commenced discovery. The Alleged Debtor noticed the corporate representative of BB&T for deposition. The Alleged Debtor also set the depositions of Ben Harris ("Harris") and Stephanie Traband ("Traband"), two attorneys who represented BB&T in the involuntary case, issuing therewith a *Notice of Deposition Duces Tecum*.

BB&T sought protection with respect to the *Notice of Taking Deposition* issued to it. BB&T also sought protection with respect to the scope of the depositions and the questions which could be propounded at the depositions of Traband and Harris. BB&T advised the Alleged Debtor that it intends to assert "advice of counsel" in defense of the Debtor's §303(i) claims, and admits that the assertion of "advice of counsel" results in the waiver of the attorney-client privilege, but seeks protection because such waiver is limited in scope. The parties disagree as to what limitations would apply if the Petitioning Creditor is allowed to assert an "advice of counsel" defense and the attorney-client privilege is consequently waived. However, the Alleged Debtor contends that BB&T cannot, as a matter of law, assert advice of counsel as a

defense in this action with respect to the Alleged Debtor's claim for fees and damages under 11 U.S.C. § 303(i).

If the defense is available on any basis, it remains for this Court to determine the scope of any implied waiver inherent in such an assertion. In the event that the defense is unavailable to BB&T, then the entire issue as to the scope of any waiver of the attorney/client privilege or the work product doctrine is, in the words of the Alleged Debtor's counsel, "off the table" and this Court may deny those portions of the *Motion* as moot with respect to categories 1 and 2 concerning the areas of inquiry on the *Corp. Rep. Notice* and as to all categories of documents in the *Traband Notice* and the *Harris Notice* to the extent that such documents would otherwise be protected by the attorney/client privilege.

For the reasons set forth herein, this Court determines that the defense of "advice of counsel" is not available with respect to the determination of bad faith under 11 U.S.C. § 303(i). Advice of counsel is not a defense to a bad faith finding of malice or ill-will.

## ANALYSIS

Generally, "[r]eliance on counsel does not excuse bad faith in the filing of an involuntary petition, but it may be considered on the favorable side of the ledger in such a consideration." *In re Apache Trading Group, Inc.*, 229 B.R. 891, 894 (Bankr. S.D.Fla. 1999). *See also, In re John Richards Homes Bldg. Co.,* 312 B.R. 849, 860 (E.D. Mich. 2004) aff'd, 439 F.3d 248 (6th Cir. 2006); *In re Landmark Distributors, Inc.*, 189 B.R. 290, 318 (Bankr. D.N.J. 1995).

In *In re Silverman*, 230 B.R. 46, 54 (Bankr. D.N.J. 1998), the court, citing *Landmark Distributors,* 189 B.R. at 317-318, held:

> **Even if Cantor relied on advice of counsel, he nonetheless filed the petition with knowledge that the superior court had just found that there were genuine issues of material fact as to his claim. The advice of counsel defense has sometimes been held as a basis for reducing an award of damages premised upon an improper use of the**

3

> **bankruptcy system, but it cannot reduce an award based on improper purpose and blatant disregard for the statutory requirements.** In any event, the court declines to accept that defense here. If Cantor relied with naive innocence on his attorney's advice to file an involuntary bankruptcy petition against Silverman, which this court does not believe, Cantor and his attorneys can deal with the consequences between themselves. (Emphasis added).

The *Silverman* court concluded that "filing an involuntary petition after the state court's denial of summary judgment is 'per se sufficient to prove that the creditor acted in bad faith.'"

In *In re Rosenberg*, 2012 WL 1021724, *4-5 (Bankr. S.D.Fla. Mar. 26, 2012), the Court found that a petitioning creditor, "even if poorly advised by his attorney, must bear the risk, if the petition is dismissed, of having to compensate the debtor for attorney's fees reasonably incurred in successfully defending against the petition." *Id.* at *3 (quoting *In re Merrifield Town Ctr. Ltd. P'ship*, 2010 WL 5015006, *5 (Bankr. E.D.Va. Dec. 3, 2010)). It would be improper to allow a petitioning creditor to avoid imposition of statutory damages by hiding behind its lawyers. "[T]he courts have other means of dealing with attorney misconduct … and losing petitioners themselves likewise have other avenues of pursuing relief against their attorneys for bad legal advice, if any." *Id.* at *4. Additionally, in *Rosenberg*, the Court noted that the language of §303(i)(1) and (i)(2) reflects Congressional intent that any judgments for damages are to be against petitioning creditors and not their counsel. *Id.* at *5. To allow a petitioning creditor to hide behind the veil of advice of counsel would defeat the purpose underlying the statute. *See, e.g., In re Wavelength, Inc.*, 61 B.R. 614, 620 (BAP 9th Cir. 1986) ("Punitive damages may be assessed even if appellants rely on counsel for all the resulting acts exhibiting bad faith."); *In re Reveley*, 148 B.R. 398, 408 (Bankr. S.D.N.Y. 1992) ("Where the petition is motivated by ill will or malice, reliance upon counsel's advice will not preclude a finding of bad faith on the part of the petitioner."); *In re Better Care, Ltd.*, 97 B.R. 405, 412 (Bankr. N.D.Ill. 1989) ("The existence

of malice, spite and ill-will disposes of the defense of reliance on advice of counsel."); *In re Turner*, 80 B.R. 618, 624 (Bankr. D.Mass. 1987) ("Petitioners seek protection from a charge of bad faith because they filed the petition on the advice of counsel. Because we adopt the dual standards contained in Rule 9011, clearly this position is untenable."); *In re Godroy Wholesale Co.*, 37 B.R. 496, 500 (Bankr. D.Mass. 1984) ("It may be that Crosley acted on poor legal advice … however, this does not negate bad faith and excuse Crosley's indifferent behavior.").

The Eleventh Circuit has recognized different approaches for determining whether a petitioning creditor filed a petition in "bad faith" under 11 U.S.C. § 303(i). *Gen. Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1501-1502 (11th Cir. 1997). Significantly, the Eleventh Circuit explained:

> Because "bad faith" is not defined in the Bankruptcy Code, and because there is no legislative history addressing the intended meaning of this language, courts have used different approaches to determine whether a petition was filed in bad faith. Some courts have established an "improper purpose test," under which bad faith exists where the filing of the petition was motivated by ill will, malice or the purpose of embarrassing or harassing the debtor. *In re Camelot*, 25 B.R. 861, 864 (Bankr.E.D.Tenn.1982) (bad faith where motivation for filing involuntary petition was to "spitefully forestall the dissolution of the debtor corporation" and to frustrate the results of a state court proceeding); *see In re Better Care, Ltd.*, 97 B.R. 405, 410 (Bankr.N.D.Ill.1989).
>
> A second line of authority applies what is known as an "improper use" test, where bad faith exists "when a creditor's actions amount to an improper use of the Bankruptcy Code as a substitute for customary collection procedures." *In re Better Care, Ltd.*, 97 B.R. at 410. An improper use includes instances where "a creditor uses an involuntary bankruptcy to obtain a disproportionate advantage to that particular creditor's position, rather than to protect against other creditors obtaining such a disproportionate advantage." *Id.* at 411.
>
> The third line of authority analyzes the bad faith issue by reference to Bankruptcy Rule 9011, which is patterned after Fed.R.Civ.P. 11. An analysis under Rule 9011 inquiries into "a significant objective requirement bearing on the legal justification of a claim or defense: a reasonable inquiry into the facts and the law." *In re Turner*, 80 B.R. 618, 623 (Bankr. D.Mass.1987). In addition to requiring an objective inquiry, Rule 9011 requires a subjective inquiry as well: the bankruptcy proceeding cannot have been interposed for an improper purpose, "such as to harass, to cause delay, or to increase the cost of litigation." Rule 9011.

This Court has already stated that it appears BB&T's motive for filing the involuntary petition was to thwart the results of the pending state court foreclosure action. *See*, *In re C & C Dev. Group, LLC*, 2012 WL 1865422, *2-4 (Bankr. S.D.Fla. May 22, 2012). The Petitioning Creditor cannot now "hide behind" the advice of counsel defense where it may have exhibited an "improper purpose" in filing the petition:

> Thus, advice of counsel can excuse improper-use bad faith but it cannot excuse improper-purpose bad faith. This result follows because, where only improper-use bad faith exists, the purpose of the involuntary filing is legitimate of itself. Where the attorney advises the client that this purpose should be effectuated by an involuntary bankruptcy, it is the attorney who is responsible for the improper use, not the client. Where, however, the purpose is improper, the client will usually come into the attorney's office with that purpose already formed. It is the purpose which constitutes bad faith in such a case and it is the client who is responsible for the purpose. Here, the petitioning creditors developed their personal antipathy for Sarno, and decided to act upon it, wholly independently from Grasso's advice. They cannot now hide behind that advice when the consequences of their decision are visited upon them. *Better Care*, 97 B.R. at 412-413.

Although the term "bad faith" is not defined in the Code or legislative history of the statute, under the "improper purpose" test, bad faith exists where the filing of the petition was motivated by ill will, malice, spite or for the purpose of embarrassing or harassing the debtor. *See, e.g.*, *In re Magers*, 2003 WL 103400 (N.D. Cal. Jan. 9, 2003) *aff'd*, 77 F.App'x. 992 (9th Cir. 2003) (quoting *In re Wavelength, Inc.*, 61 B.R. 614, 619 (B.A.P. 9th Cir. 1986). As the Eleventh Circuit recognized in *Gen. Trading Inc.*, 119 F.3d at 1501, bad faith exists where the motivation for filing an involuntary petition was to "spitefully … frustrate the results of a state court proceeding". In this case, BB&T seems to have filed the Petition for the purpose of thwarting or frustrating the state court foreclosure action. *C & C Dev. Group*, 2011 WL at 5591646, reconsideration denied, 2012 WL 171595 (Bankr. S.D. Fla. Jan. 20, 2012), and *C & C Dev. Group*, 2012 WL 1865422 at *1-4.

While the issue of bad faith is yet to be determined, the language of 11 U.S.C. §303(i), the case law in the Eleventh Circuit and other circuits, and the Court's previous rulings which were affirmed on appeal, lead this Court to conclude that BB&T may not assert a reliance on "advice of counsel" defense to C&C's motion for compensatory damages, attorneys' fees and costs, or punitive damages. Therefore, the Court concludes there is no waiver of any privilege and no need for an order of protection. Accordingly, it is

ORDERED AND ADJUDGED that BB&T's Motion is DENIED as moot with respect to categories 1 and 2 of the *Corp. Rep. Notice* and as to all categories of documents in the *Traband Notice* and the *Harris Notice* to the extent that such documents are protected by the attorney-client or work product privilege. A further hearing is scheduled for October 16, 2013 at 3:30 PM in Courtroom 1410, on the remaining issues raised in BB&T's Motion for Protective Order.

###

Submitted by:
Richard L. Allen, Esq.
Solowsky & Allen, P.L.
915 Miami Center
201 S. Biscayne Boulevard
Miami, Florida 33131
Telephone No. (305) 371-2223
Facsimile No. (305) 373-2073
Email: rallen@salawmiami.com

(Attorney Richard L. Allen is directed to serve a copy of this Order on all interested parties and file a certificate of service with the
Court.)